*Williams & Corbett,* for plaintiff in error.

*Lankford & Rogers,* contra.

---

## 12062.  GATE CITY COFFIN CO. *v.* PAULK.

The terms of the invoice and of the term sheet attached and made a part of it, being explicit and unambiguous as to the payment of freight, the court erred in submitting the construction of the invoice and term sheet to the jury.

DECIDED MARCH 16, 1921.

Complaint; from Atkinson superior court — Judge Lovett. December 20, 1920.

*Levi O'Steen,* for plaintiff. *E. R. Smith,* for defendant.

HILL, J. This is a suit upon an account. The plaintiff sold to the defendant some undertaker's supplies, and the defendant paid him his bill with the exception of $8.81, for which this suit was brought. There is no conflict in the testimony. The whole case turns on the construction of the invoice and what is called the "term sheet," which accompanied the invoice and was made a part of it. This invoice is in the following language:

"Gate City Coffin Company, Manufacturers of coffins, caskets, and undertaker's supplies.

Atlanta, Georgia, Jan. 13, 1919.

Terms: 2% 30 days. 60 days net. See attached terms.

Sold to Henry Paulk, Willacoochee, Ga.

| | | | |
|---|---|---|---|
| 1 | 01380E | 6-3 black crepe and complete, ...... | $38.00 |
| 1 | 01381 | 6-0 white L. S. complete, ......... | 38.50 |
| 1 | 01382 | 6-3 black broadcloth complete, ..... | 40.00 |
| 1 | 506 | black robe, .................... | 3.00 |
| 1 | 6542 | black suit, ..................... | 9.60 |
| 1 | 2172 | lady's white silk dress,............ | 9.25 |

Jan. 15, 1919.

1/2 hre 94 thumb screws, 4.95................. 2.48
1/2 hre 94 thumb screw plates, 5.55............. 2.78
1/4 hre names plates screws, .70................ .70

---

$145.07. "

The term sheet referred to is as follows:

" Kindly note our terms. If you discount the inclosed invoice: 1. Deduct such part of the freight as the invoice allows. 2. Do not deduct that part of your freight bill that is added for war-tax. The Government expects you to pay your part of the war, and if it is deducted from our bill the settlement will be returned to you. 3. After deducting the freight then take off 2% for cash discount, if you pay within 30 days from the date of invoice. Return to us your paid freight bill with your remittance. "

On receipt of the invoice and the term sheet the purchaser, after deducting $8.81 for freight and charges and 2% for discount allowed for cash payment, sent his check. The seller insisted that the purchaser pay the entire freight charges according to the explicit terms set out in the term sheet. The trial judge thought the term sheet and the invoice were ambiguous as to this, and submitted the question to the jury.

We cannot agree with the trial judge that the contract was ambiguous. The invoice expressly refers to the term sheet for the terms, and this term sheet specifically says, in the very first paragraph, that only such part of the freight should be deducted from the bill as the invoice allows, and by reference to the invoice it will be seen that no freight whatever is allowed. It follows necessarily that the purchaser was to pay the freight. We conclude that in holding that the contract was ambiguous and in referring its proper construction to the jury, the court committed an error, as in our opinion the express terms of the contract demanded a verdict for the plaintiff. The order overruling the motion for a new trial was erroneous.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur*